10-2820-cv
Robertson v. Dowbenko

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.**

**PRESENT:**
**RALPH K. WINTER,**
**GERARD E. LYNCH,**
**SUSAN L. CARNEY,**
***Circuit Judges.***

---

**Julian H. Robertson, Jr.,**

***Plaintiff-Counter-Defendant-Appellee,***

**v.** No. 10-2820-cv

**Uri Dowbenko,**

***Defendant-Counter-Claimant-Appellant,***

**John Doe, also known as Al Martin; Conspiracy Digest L.L.C.; National Liberty Press L.L.C.,**

***Defendants.***

---

**FOR DEFENDANT-APPELLANT:** Uri Dowbenko, *pro se*, Pray, Montana.

MANDATE ISSUED ON 03/05/2012

**FOR PLAINTIFF-APPELLEE:** Richard T. Marooney; Lauren W. Mitchell; King & Spalding LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*; Ellis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Uri Dowbenko, proceeding *pro se*, appeals the district court's judgment awarding damages for defamation in favor of plaintiff-appellee Julian H. Robertson, Jr., against Dowbenko and others, following the entry of a default judgment against Dowbenko as a sanction under Federal Rule of Civil Procedure 37(b) for his failure to comply with discovery orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rule 37(b) provides that when a party fails to comply with a discovery order, a court may impose sanctions, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). While we have expressed a preference for resolving disputes on the merits rather than by default, see, e.g., Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 249 (2d Cir. 1996), we have also consistently recognized that Rule 37 sanctions are applicable in "extreme circumstances," where "a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (internal quotation marks omitted); see also Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990).

We review a district court's imposition of sanctions under Rule 37 for abuse of discretion, and the factual findings in support of the district court's decision for clear error. S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 143 (2d Cir. 2010). In "evaluating a district court's exercise of discretion" to impose Rule 37 sanctions, we have relied upon factors including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks omitted). Rule 37 sanctions, including the most severe, "may be imposed . . . against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result" in a sanction. Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal sanction after a *pro se* plaintiff failed to appear for his deposition); see also Bobal, 916 F.2d at 764 (explaining that, before the district court dismissed a case as a Rule 37 sanction, the district court should have informed *pro se* litigant that violation of a court order would result in such a dismissal).

Having reviewed the record in light of these principles, we affirm the district court's judgment. The record amply demonstrates that: (1) Dowbenko repeatedly failed to respond to interrogatories and produce documents requested by Robertson, in violation of the district court's orders of December 2005, March 2006, and July 2006; (2) the district court appropriately rejected lesser sanctions as inadequate given Dowbenko's continued noncompliance after multiple explicit warnings about the consequences of further noncompliance; (3) the period of noncompliance delayed progress in the case for more than two

years; (4) Dowbenko was given ample notice that further noncompliance would result in sanctions, including the entry of default judgment; and (5) Dowbenko's noncompliance was willful and deliberate, as evidenced by his repeated failures to comply even after he had explicitly acknowledged his discovery obligations at an March 2006 teleconference. We identify no abuse of discretion in the district court's entry of default judgment against Dowbenko.

We review a district court's findings and calculations in awarding damages for clear error, see Brown v. C. Volante Corp., 194 F.3d 351, 365 (2d Cir. 1999), and the relevant questions of law de novo. See Delchi Carrier SpA v. Rotorex Corp., 71 F.3d 1024, 1029 (2d Cir. 1995). Dowbenko's contention that no damages could be awarded without proof of an injury to Robertson's reputation is incorrect. "New York law has long recognized that '[w]hen statements fall within' established categories of *per se* defamation, 'the law presumes that damages will result, and they need not be alleged or proven.'" Zherka v. Amicone, 634 F.3d 642, 645 (2d Cir. 2011) (quoting Liberman v. Gelstein, 80 N.Y.2d 429, 435 (1992) (internal footnote omitted)). As relevant here, one category of *per se* defamation comprises "statements . . . that tend to injure another in his or her trade, business or profession." Liberman, 80 N.Y.2d at 435. As the district court correctly determined, Robertson was presumptively entitled to damages because he alleged defamation *per se*. Dowbenko fails to raise any specific factual or legal basis for overturning the district court's award of $1,000 as general damages. Furthermore, the district court did not err in adopting the magistrate judge's factual findings and legal determinations supporting the award of $37,129.64 in special damages. Those determinations were supported by substantial evidence of the costs that Robertson incurred to minimize and prevent injury to his reputation from the defamatory statements. Finally, we reject Dowbenko's arguments challenging the admissibility of William Goodell's testimony at the damages inquest hearing. A review of hearing transcript

demonstrates that, contrary to Dowbenko's contentions, Goodell testified based upon his own personal knowledge and observations.

Dowbenko also challenges the district court's personal and subject matter jurisdiction. Neither challenge has merit. Dowbenko's own noncompliance with the discovery orders obstructed a full merits adjudication of his personal jurisdiction defense. "It is well established that a party can waive its right to challenge the district court's personal jurisdiction over it." Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87, 92 (2d Cir. 2009). Dowbenko forfeited his personal jurisdiction defense by his noncompliance with discovery orders, resulting in a default judgment. Cf. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 134-36 (2d Cir. 2011) (rejecting argument that district court must adjudicate personal jurisdiction defense before entering default judgment).

Dowbenko's challenge to the district court's subject matter jurisdiction is also unavailing. He argues that, because the damages ultimately awarded were less than the $75,000 amount-in-controversy requirement for diversity jurisdiction, see 28 U.S.C. § 1332(a), the case must be dismissed for lack of subject matter jurisdiction. This is not the law. "Satisfaction of the § 1332(a) diversity requirements . . . is determined as of the date that suit is filed . . . . Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir.1999) (internal citations omitted). In his original complaint, Robertson plausibly claimed damages in excess of $75,000, and eventually claimed damages of almost $1 million during the damages inquest before the magistrate judge. That the district court ultimately awarded damages below the amount-in-controversy requirement does not deprive the court of subject matter jurisdiction.

We have considered Dowbenko's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit